# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TREY ALLEN WOLFBLACK,<br><br>Defendant. | CR 25-133-BLG-WWM<br><br>ORDER ON MOTIONS IN LIMINE |

Before the Court are two motions in limine filed by Defendant Trey Allen Wolfblack ("Mr. Wolfblack"). (Docs. 28, 39). Mr. Wolfblack seeks pretrial determinations on evidentiary issues pursuant to Federal Rule of Criminal Procedure 12 and Federal Rule of Evidence 103. In his first Motion in Limine, Mr. Wolfblack asks this Court to: (1) exclude evidence of an "unpreserved text or a message written on A.L.'s phone that she show[ed] to Jane Doe;" (2) limit testimony that alleges vaginal bruising is evidence of violent or nonconsensual sexual conduct; and (3) permit admission of images of an Arrowhead water bottle without a foundation witness. (Doc. 28 at 1–2). The United States concedes that the unpreserved message is inadmissible hearsay.[1] (Doc. 37 at 2). Additionally,

---

[1] Mr. Wolfblack's first motion refers to two separate messages written on A.L.'s phone: one concerning Mr. Wolfblack's interest in Jane Doe and another regarding walking to Defendant's house to get more alcohol. (Doc. 28 at 2). The United States' response only addressed the first

the government has agreed not to argue or permit its witnesses to allege that vaginal bruising is evidence of violent or nonconsensual sexual conduct and has stipulated to the admission of images of the Arrowhead water bottle without a foundation witness. (Doc. 28 at 2). Therefore, Mr. Wolfblack's first Motion in Limine shall be granted in full.

Mr. Wolfblack's Second Motion in Limine seeks to exclude (1) argument that Mr. Wolfblack's initial refusal to provide a buccal swab without a warrant is evidence of guilt; and (2) the statement of Jane Doe's friend, A.L., to Federal Bureau of Investigation Special Agent Brandon Walter ("Agent Walter") that Mr. Wolfblack sent her a message[2] on Facebook Messenger asking if Jane Doe was mad at him. (Doc. 39 at 1–2). As to the first request, the United States indicates that it "does not intend to argue that the Defendant's invocation of his constitutional rights constitutes evidence of guilt in this case." (Doc. 41 at 4–5). Therefore, the motion shall be granted as to argument that Mr. Wolfblack's refusal to provide a buccal swab is evidence of guilt.

---

message concerning Mr. Wolfblack's interest in Jane Doe, concluding that it was inadmissible hearsay. (Doc. 37 at 2). It did not address the admissibility of the second message regarding walking to Mr. Wolfblack's house to get more alcohol. The Court construes this lack of a response as confirmation that Mr. Wolfblack's argument pertaining to the second message is well-taken.

[2] A.L. reported to Agent Walter that Mr. Wolfblack sent her two messages. (Doc. 40 at 18). In the first message, Mr. Wolfblack asked whether Jane Doe was mad at him, and in the second message, he told A.L. to have Jane Doe return to his house to watch a movie with him. (*Id.*). Mr. Wolfblack only seeks to exclude the first message.

The United States opposes the exclusion of Mr. Wolfblack's message to A.L. and argues that it may be admissible if the recipient testifies at trial. The government does not appear to oppose the exclusion of A.L.'s statement to Agent Walter about the message. For the following reasons, the Court shall grant Mr. Wolfblack's motion to exclude A.L.'s statement to Agent Walter about the message. However, A.L. will not be prohibited from testifying as to the contents of Mr. Wolfblack's message to her.

## I.    Factual Background

On August 12, 2023, Jane Doe reported to law enforcement that Mr. Wolfblack had sexually assaulted her at his residence in Busby, Montana, on the Northern Cheyenne Indian Reservation. (Doc. 41 at 2). Jane Doe advised investigators that on the night of August 10th, she had been drinking at her house with a group of about six people, including Mr. Wolfblack, and her friend, A.L. (*Id.*). Jane Doe told investigators that at some point in the night, A.L. showed Jane Doe a message which A.L. had typed on her phone indicating that Mr. Wolfblack was interested in Jane Doe. (Doc. 40 at 17). A.L. then showed Jane Doe another message that said, "If you walk him home, he'll give you more shots." (*Id.*). Jane Doe agreed and walked with Mr. Wolfblack to his house to get more alcohol. (*Id.*).

When they got to his house, Jane Doe followed Mr. Wolfblack to his room. (*Id.*). In his room, Mr. Wolfblack retrieved a water bottle that was filled with a

dark liquid from the side of his bed. (*Id.*). Jane Doe and Mr. Wolfblack each "took a shot" from the water bottle. (*Id.* at 17–18). After Mr. Wolfblack attempted to make unwelcome sexual advances, they both took another shot, and Jane Doe finished the bottle. (*Id.* at 18). Jane Doe reported to investigators that she lost consciousness after finishing the bottle, and when she woke up, Mr. Wolfblack was having sex with her. (*Id.*).

Jane Doe told investigators that after she left Mr. Wolfblack's house, Mr. Wolfblack messaged A.L. on Facebook Messenger and asked, "Is [Jane Doe] mad at me?" (*Id.*). He sent another message directing A.L. to "tell her to come back have her watch a movie with me." (*Id.*). When Agent Walter asked A.L. about the message, A.L. remembered receiving it, but was unable to retrieve the message on her phone. (*Id.* at 15).

Investigators interviewed Mr. Wolfblack at his residence on December 16, 2024. (*Id.* at 19). Mr. Wolfblack denied having sex with Jane Doe. (*Id.* at 21). When asked whether he would be willing to provide his DNA with a buccal swab, Mr. Wolfblack declined. (*Id.*).

## II.    Legal Standard

A motion in limine is a procedural mechanism to limit specific testimony or evidence in advance of trial. *Frost v. BNSF Ry.*, 218 F.Supp.3d 122, 133 (D. Mont. 2016). The Court will grant a motion in limine if the contested evidence

is inadmissible on all potential grounds. *Id.* Rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [their] mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, the Court may readdress Mr. Wolfblack's motions in limine at trial.

## III.    Discussion

Hearsay is defined as an out-of-court statement that is offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Under Federal Rule of Evidence 802, hearsay is inadmissible unless a specific exception or exclusion applies. When a statement contains hearsay within hearsay—often called "double hearsay"—the entire statement is inadmissible unless each part independently qualifies under an exception to the rule. Fed. R. Evid. 805.

Certain statements are excluded from the definition of hearsay by statute. Fed. R. Evid. 801(d). Among these, a statement is not hearsay if it is offered against an opposing party and was made or adopted by that party. Fed. R. Evid. 801(d)(2)(A)–(B). "The admissibility of opposing-party statements 'is not based on reliability; rather, they are admitted as part of the adversary system'; they are admitted, in short, because the party said the words and should be stuck with them, regardless of their accuracy." *United States v. Ballou*, 59 F.Supp.3d 1038, 1074

(D.N.M. 2014) (quoting Stephen A. Saltzburg et. al, *Federal Rules of Evidence Manual* § 801.02[6][f][ii], at 801–50 (2011)).

In Mr. Wolfblack's Second Motion in Limine, he titles his request as "1. Exclusion of a text or message allegedly sent from Wolfblack to A.L." (Doc. 39 at 1). However, Mr. Wolfblack explains in the following paragraph that he is moving "to exclude *A.L.'s statement to Agent Walter* about the content of an unpreserved text message as inadmissible hearsay." (*Id.* at 2) (emphasis added). In his brief in support, Mr. Wolfblack clarifies: "This is not a text message from Wolfblack, but rather a statement about what A.L. said that Wolfblack said." (Doc. 40 at 6). Yet, Mr. Wolfblack later concludes that "[t]he contents of this alleged Facebook message, which Wolfblack does not recall sending and does not appear to exist, is hearsay and must be excluded from trial." (*Id.* at 8). It thus becomes unclear whether Mr. Wolfblack is seeking to exclude only A.L.'s statement to Agent Walter about the message, or the contents of the message entirely.

As the United States points out, this distinction is dispositive; it determines whether the statement involves one or two levels of hearsay. The United States points out that "[t]he double hearsay rule does not apply if the statement is offered through A.L." (Doc. 41 at 4, n.2). It contends, "If A.L. can testify that the Defendant made the proffered statement, it is admissible" as an opposing party's

6

statement. (*Id.*). With respect to the other issues, the government does not provide any rebuttal—and appears to concede—that A.L.'s statement to Agent Walter about the message is inadmissible.

If A.L. were to testify as to the content of Mr. Wolfblack's message to her, the statement would qualify as an opposing party's statement, excluded from the definition of hearsay by Federal Rule of Evidence 801(d)(2). Specifically, the statement would be "offered against" him as one made in his individual capacity.[3] However, if Agent Walter were to attempt to testify about A.L.'s statement that Mr. Wolfblack sent her a message on Facebook, it would not be admissible under an exception to the hearsay rule. To the extent that Mr. Wolfblack seeks to preclude Agent Walter from testifying to this fact, his motion has merit. Conversely, if A.L. is called to testify and discusses the content of Mr. Wolfblack's messages to her, such evidence will be admissible.

## IV.    Conclusion

**IT IS HEREBY ORDERED** that Mr. Wolfblack's first Motion in Limine (Doc. 28) is **GRANTED** in full.

---

[3] Mr. Wolfblack argues in his brief that he did not "manifest" or "adopt" the statement as contemplated by Federal Rule of Evidence 801(d)(2)(B). The Court does not need to reach this issue because it finds that the statement would be offered as one "made by the party in an individual or representative capacity," as described in subsection (d)(2)(A).

**IT IS FURTHER ORDERED** that Mr. Wolfblack's Second Motion in Limine (Doc. 39) is **GRANTED** in part.  Agent Walter is precluded from testifying about the contents of Mr. Wolfblack's messages to A.L.  However, A.L. is not precluded from testifying about the contents of the messages she received from Mr. Wolfblack.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED the 27th day of April, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE